**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALBERT ESPINAL, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0060-ODE-RGV-4 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-3920-ODE-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Albert Espinal's <u>pro</u> <u>se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 383]; the government's response, [Doc. 385]; Espinal's supporting memorandum, [Doc. 387], and motion to amend his § 2255 motion, [Doc. 388]; and the government's response to the memorandum and amendment, [Doc. 394]. For the reasons that follow, Espinal's motion to amend, [Doc. 388], is **GRANTED**, and it is **RECOMMENDED** that Espinal's § 2255 motion, as amended, be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a twelve-count third superseding indictment against Espinal and five co-defendants charging them

with various offenses following a series of violent robberies of drug dealers.  [Doc. 174].  Specifically, Espinal was charged in Count One with conspiring to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a); in Counts Six and Nine with Hobbs Act robberies, in violation of § 1951(a); in Counts Seven and Ten with attempting to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); in Count Eight with using and carrying a firearm during and in relation to the offenses charged in Counts Six and Seven, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); in Count Eleven with possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and in Count Twelve with using and carrying a firearm during and in relation to the offenses charged in Counts Nine, Ten, and Eleven, in violation of § 924(c)(1)(A)(iii).  [Id.].  Espinal pleaded not guilty, [Doc. 206], and proceeded to a thirteen-day jury trial represented by court-appointed counsel Benjamin Bradley Reed ("Reed"), [Docs. 23; 208; 211-12; 216-18; 222-23; 225-29; 318-23; 325-29; 334].  The jury found Espinal guilty on all counts, [Doc. 236], and the Court imposed a total sentence of 840 months of imprisonment, [Doc. 273].

Represented by new counsel, L. Burton Finlayson ("Finlayson"), Espinal appealed and raised the following claims:  (1) the Court constructively amended the

essential elements of the indictment; (2) the Court imposed a sentence impermissible under Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) he was denied his right to a speedy trial; (4) the Court erred in admitting testimony outside the scope of the conspiracy; (5) the Court erred in admitting testimony of uncharged conduct; (6) the Court failed to swear in the jury; (7) the Court erred under Alleyne v. United States, 133 S. Ct. 2151 (2013), in sentencing Espinal to ten years of imprisonment on Count Eight; (8) the Court erred in failing to suppress evidence seized from Espinal's truck; (9) the court impermissibly allowed the government to shift the burden to Espinal; (10) Espinal was denied his right to an impartial jury; (11) the Court erred in permitting other crimes evidence; (12) there was insufficient evidence to convict Espinal of Counts Six through Twelve; (13) the Court erred in instructing the jury on aiding and abetting; and (14) Espinal's sentence was substantively and procedurally unreasonable.  Br. of Appellant at iv, vii-viii, 1-2, 16-64 (Dec. 30, 2013), United States v. Reyes, 596 F. App'x 800 (11th Cir. 2015) (No. 12-13417-DD), 2013 WL 6909986, at *iv, vii-viii, 1-2, 16-64.  On January 5, 2015, the United States Court of Appeals for the Eleventh Circuit affirmed Espinal's convictions and sentence. Reyes, 596 F. App'x at 804.  On October 19, 2015, the United States Supreme Court denied

3

Espinal's petition for a writ of certiorari.  Espinal v. United States, 136 S. Ct. 376 (2015).

Espinal timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel at all stages of the proceedings when counsel failed to: (1)(a) apprise him of "the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial"; (1)(b) "[c]onduct an adequate and independent pretrial investigation" based on unspecified "leads" that Espinal asked counsel to pursue; (1)(c) "[n]egotiate a favorable plea agreement"; (2)(a) inform Espinal of trial strategy, affirmative defenses, and theory of the defense; (2)(b) allow Espinal to participate in his defense; (2)(c) subpoena and call defense witnesses; (2)(d) properly cross-examine government trial witnesses; (3)(a) review, discuss, and explain the presentence report ("PSR") to Espinal prior to sentencing; (3)(b) file substantive objections to the PSR; (3)(c) submit mitigating evidence during sentencing; (3)(d) object to Espinal's sentence on substantive reasonableness grounds; (4)(a) communicate and inform Espinal about his appeal issues; (4)(b) allow Espinal to participate in his direct appeal; and (4)(c) raise unidentified "stronger available issues" on appeal.  [Doc. 383 at 4-8, 12].  The government responds that all of Espinal's grounds for relief lack merit.  [Doc. 385 at 10-31].

On October 21, 2016, Espinal signed a supporting memorandum, adding that counsel failed to: (1)(d) file substantive pretrial motions; (1)(e) provide Espinal with the government's discovery; (2)(e) object to a hearsay statement made by Ada Cordero and another statement made by Gabriel Payamps; (2)(f) ask for a limiting instruction regarding his co-defendants' guilty pleas; and (2)(g) renew objections to the denial of a continuance. [Doc. 387 at 18-28, 33]. As to counsel's alleged ineffectiveness on appeal, Espinal relies on the brevity of the Eleventh Circuit's opinion and further asserts that counsel should have argued that improper hearsay testimony was admitted at trial. [Id. at 30-32]. Additionally, on October 19, 2016, Espinal signed a motion to amend his § 2255 motion to add the following grounds for relief: (5) counsel was ineffective for failing to object at trial and/or argue on direct appeal that the Court's jury instruction on the firearm offenses charged in Counts Eight and Twelve constructively amended the indictment; and (6) counsel was further ineffective for failing to argue on direct appeal that the evidence at trial deviated from the facts contained in the indictment as to Count Nine and thus, created a variance. [Doc. 388]. The government responds that Espinal's new claims are both untimely and lack merit. [Doc. 394].

## II. TIMELINESS

5

Espinal's conviction became final on October 19, 2015, when the Supreme Court denied his petition for writ of certiorari.  Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam).  Accordingly, the one-year statute of limitations expired on October 19, 2016.  See 28 U.S.C. § 2255(f)(1) (providing that the one-year limitations period runs from "the date on which the judgment of conviction becomes final").  Pursuant to the "mailbox rule," a pro se prisoner's pleading is deemed filed on the date it is delivered to prison authorities for mailing. Washington, 243 F.3d at 1301; see also Jeffries v. United States, 748 F.3d 1310, 1314-14 (11th Cir. 2014) (per curiam) (applying the mailbox rule to prisoner's supplement to his § 2255 motion).  "Absent evidence to the contrary in the form of prison logs or other records," the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it.  Washington, 243 F.3d at 1301.  "The burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it."  Jeffries, 748 F.3d at 1314.

Because Espinal purportedly signed his motion to amend on October 19, 2016, [Doc. 388 at 7], the last day of the one-year limitations period, and because the government has offered no evidence to show that Espinal delivered this motion to prison authorities on any other date, the Court finds that the motion to amend is

6

timely.  Accordingly, Espinal's motion to amend, [Doc. 388], is hereby **GRANTED**, and the Court will address the merits of the new grounds for relief contained therein.

Espinal signed his supporting memorandum on October 21, 2016, two days after the limitations period expired.  [Doc. 387 at 33].  Thus, any new claims raised in the memorandum are barred unless they relate back to an original claim under Federal Rule of Civil Procedure 15(c).  Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).  A new claim relates back to the original motion only if it "arose out of the same conduct, transaction, or occurrence" as the original claim.  Id. (citation omitted).

> This may be the case even if one or both claims do not explicitly state supporting facts.  When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it.  One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002) (per curiam).

Espinal did not allege in his original motion that Reed failed to file pretrial motions, provide him with discovery, object to evidence, seek a limiting instruction, or obtain a continuance.  Accordingly, there is no claim in Espinal's original § 2255 motion to which his new grounds (1)(d), (1)(e), (2)(e), (2)(f), and (2)(g) could relate back.  However, even if these new claims were found to relate back to Espinal's

7

arguments that he received ineffective assistance of counsel during plea negotiations and trial, they still fail on the merits for the reasons discussed hereinafter.

### III.  MERITS DISCUSSION

**A.**     **Legal Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

8

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  The analysis is two-pronged.  However, a court need not address both prongs "if the defendant makes an insufficient showing on one."  Id. at 697.  A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 690.  A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted).  Counsel is not incompetent so long as the particular approach taken could be considered sound strategy.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  "An error by counsel, even if professionally unreasonable,

9

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.  In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

###   B.   **Plea Negotiations**

Espinal argues that Reed failed to (1)(a) apprise him of the circumstances and consequences of pleading guilty versus going to trial, (1)(c) negotiate a favorable plea offer from the government, and (1)(e) provide Espinal with the government's discovery. [Doc. 383 at 4; Doc. 387 at 18-22].  Defense counsel renders ineffective assistance by providing defendant incompetent advice regarding whether to plead guilty or to proceed to trial. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).  In order to establish prejudice based on a rejected plea offer:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been

10

less severe than under the judgment and sentence that in fact were imposed.

Id. at 1385.

Espinal does not specify what additional discovery or information counsel should have provided to him or explain how that information would have influenced his decision as to whether to plead guilty. Espinal's "unsupported and conclusory" assertion "that his attorney could have negotiated a more favorable plea agreement" is "insufficient to support his motion or require a hearing." Torres v. United States, No. 1:08-CR-0457-3-CAP, 1:12-CV-01504-CAP, 2013 WL 450928, at *4 (N.D. Ga. Jan. 15, 2013), report and recommendation adopted, 2013 WL 459838, at *1 (N.D. Ga. Feb. 6, 2013). Additionally, although Espinal states that "there is a reasonable probability that he would have opted to plead guilty" had counsel provided him additional information, [Doc. 387 at 19, 21-22], this "after the fact [statement] concerning his [probable] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted [a] plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Moreover, this statement is undermined by the fact that Espinal continued to maintain his innocence at sentencing, [Doc. 330 at 126]. See Pericles v. United States, 567 F. App'x 776, 782

11

(11th Cir. 2014) (per curiam) ("In light of Pericles's insistence that he is innocent of the offense, there is no reasonable probability that he would have pled guilty." ) (citation omitted).  Accordingly, Espinal's grounds (1)(a), (1)(c), and (1)(e) fail.  See Id.; Diaz, 930 F.2d at 835; Torres, 2013 WL 450928, at *4.

## C.   **Trial Strategy**

In grounds (1)(b) and (2)(c), Espinal contends that Reed failed to investigate unspecified "leads" and call potential defense witnesses.  [Doc. 383 at 4-5; Doc. 387 at 25, 27-28].  In ground (1)(d), Espinal asserts that Reed did not file "substantive pretrial motions . . . to determine the strength of the government's case-in-chief."[1] [Doc. 387at 18, 20, 22].

"[C]ounsel need not always investigate before pursuing or not pursuing a line of defense.  Investigation (even a nonexhaustive, preliminary investigation) is not

---

[1] The record reveals that counsel did file several pretrial motions, see [Docs. 31-33], including a motion for a bill of particulars, [Doc. 33].  In his supporting memorandum, Espinal argues that Reed should have filed "a Request for Rule 404(b) of the Federal Rules of Evidence [Material]; a Motion to Dismiss for Want of Sufficiency; and a Motion to Obtain the Grand Jury Testimony."  [Doc. 387 at 18]. However, he offers no argument showing that any of these motions would have been successful.  Moreover, the Pretrial Scheduling Order in this case addressed the provision of Rule 404(b) evidence and witness statements under the Jencks Act, 18 U.S.C. § 3500, without the necessity of filing any motion.  See [Doc. 24 at 6-7, 9-10].

12

required for counsel reasonably to decline to investigate a line of defense thoroughly." Chandler, 218 F.3d at 1318 (citations omitted). "How a lawyer spends his inherently limited time and resources is also entitled to great deference by the court." Id., n.22 (citation omitted). "Given the finite resources of time and money that face a defense attorney, it simply is not realistic to expect counsel to investigate substantially all plausible lines of defense." Gates v. Zant, 863 F.2d 1492, 1498 (11th Cir. 1989) (per curiam). Furthermore, "counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981) (citing Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)).[2] "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the court] will seldom, if ever, second guess." Waters, 46 F.3d at 1512 (citation omitted). "[C]omplaints of uncalled witnesses are [additionally] not favored . . . because allegations of what a witness would have testified are largely speculative." Buckelew, 575 F.2d at 521.

---

[2] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

13

Espinal does not specify the "leads" counsel should have investigated, the potential defense witnesses counsel should have called,[3] or what more counsel could have learned through additional pretrial motions in order to test the government's case. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted). In any event, the record reveals that Reed called two witnesses to testify on Espinal's behalf to highlight inconsistencies in government witness testimony. [Doc. 328 at 5-38]. Thus, Espinal has not shown deficient performance of counsel or prejudice as to grounds (1)(b), (1)(d), and (2)(c).

Next, Espinal maintains that Reed was ineffective for failing to (2)(a) inform Espinal of trial strategy, any affirmative defenses, and the defense theory of the case, (2)(b) allow Espinal to participate in his own defense, (2)(d) properly cross examine government witnesses, (2)(e) object to a hearsay statement made by Ada Cordero and another statement made by Gabriel Payamps, (2)(f) ask for a limiting instruction regarding his co-defendants' guilty pleas, (2)(g) renew objections to the denial of a continuance, and (5) object that the jury instruction on the firearm offenses charged

---

[3] Espinal does allege that Reed should have called Merced Gonzalez to testify that "it wasn't Espinal who cut his ear." [Doc. 387 at 28]. However, Espinal does not explain why this testimony was relevant or how it would have aided his defense.

AO 72A
(Rev.8/82)

in Counts Eight and Twelve constructively amended the indictment. [Doc. 383 at 5; Doc. 387 at 23-26; Doc. 388 at 2-4]. "A strategic decision by defense counsel will be held to constitute ineffective assistance 'only if it was so patently unreasonable that no competent attorney would have chosen it.'" Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987) (per curiam) (citation omitted).

Espinal does not allege what affirmative defenses he could have raised, how his input would have assisted Reed, what more Reed could have done during cross-examination of the government's witnesses, or explain how Reed's alleged omissions prejudiced his case. With respect to the purported hearsay testimony, Espinal maintains that Reed should have objected to Cordero's testimony that, during transport to the courthouse for trial, Espinal warned her not to say anything about him, and to Payamps's testimony that Espinal related the details of events, including Espinal's own conduct. [Doc. 387 at 23-24]. These examples are not hearsay, see United States v. Charles, 722 F.3d 1319, 1326 ( 11th Cir. 2013) (A defendant's own statements made directly to the testifying witness are non-hearsay under Fed. R. Civ. P. 801(d)(2)(A).), and Espinal has not shown that Reed's failure to object to this testimony was unreasonable. As to the introduction of the guilty pleas of Espinal's co-defendants, the Court was required to caution the jury that those convictions could

15

not be used to determine Espinal's guilt or innocence, <u>United States v. DeLoach</u>, 34 F.3d 1001, 1005 (11th Cir. 1994) (per curiam), and, in fact, did so, [Doc. 329 at 6-7]. Next, Reed's request for a continuance was sufficient to preserve the issue for appeal, and the mere fact that the request was denied does not demonstrate deficient performance.  <u>See</u> <u>Chandler</u>, 218 F.3d at 1314 (The fact that counsel was ultimately unsuccessful does not demonstrate ineffectiveness.).

Finally, Espinal asserts that (5) Reed should have objected that the jury instruction on the firearm offenses charged in Counts Eight and Twelve constructively amended the indictment because a portion of the instruction did not include the word "during."  [Doc. 388 at 3].  However, the record reveals that the Court clearly instructed the jury that Espinal was charged in Counts Eight and Twelve with "using or carrying a firearm **during** and in relation to" the offenses charged in other counts. [Doc. 329 at 16, 18] (emphasis added); <u>see also</u> [Doc. 174 at 9-12].  The jury instructions as a whole were correct and did not broaden the basis for conviction beyond what was contained in the indictment.  <u>See</u> <u>United States v. Almond</u>, 491 F. App'x 993, 994 (11th Cir. 2012) ("A constructive amendment 'occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'") (citation

16

omitted).   Thus, Reed reasonably chose not to raise this meritless objection. Accordingly, grounds (2)(a), (2)(b), (2)(d), (2)(e), (2)(f), (2)(g), and (5) also fail.

**D.   Sentencing**

In grounds (3)(a)-(d), Espinal alleges that Reed provided him ineffective assistance at sentencing by not reviewing or discussing the PSR with him, not filing objections to the PSR, not presenting mitigating evidence, and not objecting to his sentence as substantively unreasonable.  [Doc. 383 at 6-7; Doc. 387 at 29].  These conclusory allegations do not warrant relief.  Wilson, 962 F.2d at 998; see also Alvarez v. United States, Nos. 8:04-cr-335-T-17MSS, 8:07-cv-647-T-17MSS, 2008 WL 619314, at *9-10 (M.D. Fla. Mar. 4, 2008) (concluding that defendant's claim that counsel failed to review the PSR with him was a "mere conclusory statement[] without support or elaboration" and was thus insufficient to demonstrate deficient performance by counsel).  The  record reveals that Reed did object to the PSR's recommended findings, causing the Court to note that Reed had filed "the most comprehensive set of objections."  [Doc. 330 at 2].  In fact, Reed prevailed on several of his objections.  [Id. at 28, 51, 56, 58-59, 97].  In mitigation, Reed argued that Espinal should receive a shorter sentence because the evidence presented at trial was principally in the form of co-conspirator testimony, and thus, the Court should view

17

the most incriminating descriptions of Espinal's role skeptically. [Id. at 105-06].

Espinal also addressed the Court at sentencing, maintaining his complete innocence,

claiming that he was denied a speedy trial, and stating that he had "two kids who

need" him. [Id. at 126-27]. Although Espinal argued on appeal that his sentence was

procedurally and substantively unreasonable, see Br. of Appellant at 62-64, Reyes,

596 F. App'x 800, 2013 WL 6909986, at 62-64, the Eleventh Circuit found no merit

to the argument and affirmed this Court's judgment, Reyes, 596 F. App'x at 804.

Reed "cannot be ineffective for failing to raise a meritless claim." Parker v. United

States, Nos. 09-60621-CIV-MORENO, 06-60130-CR-MORENO, 2010 WL 3447224,

at *14 (Aug. 2, 2010), report and recommendation adopted, 2010 WL 3430863, at *1

(S.D. Fla. Aug. 31, 2010). In conclusion, Espinal has simply not alleged sufficient

facts to show, and the record does not support a finding, that Reed provided him

ineffective assistance at sentencing or that he would have received a lesser sentence

had Reed performed differently. Thus, grounds (3)(a)-(d) also fail.

### E.    Appeal

In grounds (4)(a)-(c), Espinal contends that Finlayson provided him ineffective

assistance on appeal by failing to communicate and inform Espinal about his appeal

issues, failing to allow Espinal to participate in his direct appeal, and failing to raise

unidentified "stronger available issues" on appeal.  [Doc. 383 at 8].  As support for

this ground, Espinal relies on the brevity of the Eleventh Circuit's opinion and further

asserts that counsel should have argued that improper hearsay testimony was admitted

at trial.  [Doc. 387 at 30-32].  Additionally, petitioner claims that Finlayson should

have argued that (5) the Court's jury instruction on the firearm offenses charged in

Counts Eight and Twelve constructively amended the indictment and (6) the evidence

at trial deviated from the facts contained in the indictment as to Count Nine.  [Doc.

388].

     "Claims of ineffective assistance of appellate counsel are governed by the same

standards applied to trial counsel under Strickland."  Dell v. United States, 710 F.3d

1267, 1273 (11th Cir. 2013) (citations omitted).  Thus, to succeed on a claim of

ineffective assistance of appellate counsel, a defendant must demonstrate "that

counsel's performance was so deficient that it fell below an objective standard of

reasonableness . . . [and] that but for the deficient performance, the outcome of the

appeal would have been different."  Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir.

2011).

     Finlayson's brief raised ten separate issues and presented cogent arguments for

each issue complete with relevant authority.  Br. of Appellant at 18-64, 2013 WL

6909986, at *18-64.  Thus, "the way in which counsel crafted [his] . . . brief did not . . . constitute constitutionally deficient performance." <u>Grubbs v. Singletary</u>, 120 F.3d 1174, 1177 (11th Cir. 1997).  Furthermore, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).  As to the alleged hearsay testimony, Espinal states that it was admitted under Fed. R. Evid. 801(d)(2)(E) and does not allege sufficient facts to show that an appellate challenge to the admission of this evidence would have been successful.  <u>See</u> [Doc. 387 at 31-32].  As previously discussed, the Court's jury instructions on Counts Eight and Twelve were correct and did not constructively amend the indictment.  Although Espinal maintains that the Court's instruction as to Count Nine, a Hobbs Act robbery, created a variance between the indictment and the trial evidence because the Court stated that the government had to prove that Espinal used actual or threatened force, violence, or intimidation, [Doc. 388 at 4; Doc. 329 at 17], the Court correctly found that there was no variance because the government necessarily had to prove that force, violence, or intimidation was used in order to support a robbery conviction under the Hobbs Act, [Doc. 329 at 26].  <u>See</u> <u>In re: Colon</u>, 826 F.3d 1301, 1305 (11th Cir. 2016) (A "Hobbs Act robbery 'has as an element the

20

use, attempted use, or threatened use of physical force against the person or property of another.'") (citation omitted).  Accordingly, Espinal fails to show that Finlayson performed deficiently or that the outcome of the appeal would have been different had Finlayson raised these meritless issues, and grounds (4)(a)-(c), (5), and (6) fail.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

21

Based on the foregoing discussion of Espinal's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## V.  CONCLUSION

For the foregoing reasons, Espinal's motion to amend, [Doc. 388], is **GRANTED**, and **IT IS HEREBY RECOMMENDED** that Espinal's § 2255 motion, [Doc. 383], as amended, [Doc. 388], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 13th day of FEBRUARY, 2017.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)