FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 21 2017

James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| ALBERT ESPINAL, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0060-ODE-RGV-4 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-3920-ODE-RGV |

## ORDER

This matter is currently before the Court on Albert Espinal's objections [Doc. 397] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 395], which recommends that Espinal's 28 U.S.C. § 2255 motion, as amended, be denied. Espinal has also filed a motion to compel the government to provide him a copy of its response to Espinal's supporting memorandum and his motion to amend and for an extension of time to file a reply to that response. [Doc. 398]. Because the Court finds that further briefing by Espinal is not necessary to resolve the issues presented in this case, Espinal's motion [Doc. 398] is **DENIED**.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified

AO 72A
(Rev.8/82)

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a twelve-count third superseding indictment against Espinal and five co-defendants charging them

with various offenses following a series of violent robberies of drug dealers. [Doc. 174]. Espinal pleaded not guilty and proceeded to a thirteen-day jury trial. [Docs. 206; 208; 211-12; 216-18; 222-23; 225-29; 318-23; 325-29; 334]. The jury found Espinal guilty on all counts [Doc. 236], and the Court imposed a total sentence of 840 months of imprisonment [Doc. 273]. On January 5, 2015, the United States Court of Appeals for the Eleventh Circuit affirmed Espinal's convictions and sentence. United States v. Reyes, 596 F. App'x 800, 804 (11th Cir. 2015). On October 19, 2015, the United States Supreme Court denied Espinal's petition for a writ of certiorari. Espinal v. United States, 136 S. Ct. 376 (2015).

Espinal timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel at all stages of the proceedings when counsel failed to: (1)(a) apprise him of "the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial"; (1)(b) "[c]onduct an adequate and independent pretrial investigation" based on unspecified "leads" that Espinal asked counsel to pursue; (1)(c) "[n]egotiate a favorable plea agreement"; (2)(a) inform Espinal of trial strategy, affirmative defenses, and theory of the defense; (2)(b) allow Espinal to participate in his defense; (2)(c) subpoena and call defense witnesses; (2)(d) properly cross-examine government trial witnesses; (3)(a) review, discuss, and

3

explain the presentence report ("PSR") to Espinal prior to sentencing; (3)(b) file substantive objections to the PSR; (3)(c) submit mitigating evidence during sentencing; (3)(d) object to Espinal's sentence on substantive reasonableness grounds; (4)(a) communicate and inform Espinal about his appeal issues; (4)(b) allow Espinal to participate in his direct appeal; and (4)(c) raise unidentified "stronger available issues" on appeal. [Doc. 383 at 4-8, 12]. The government responds that all of Espinal's grounds for relief lack merit. [Doc. 385 at 10-31].

On October 21, 2016, Espinal signed a supporting memorandum, adding that counsel failed to: (1)(d) file substantive pretrial motions; (1)(e) provide Espinal with the government's discovery; (2)(e) object to a hearsay statement made by Ada Cordero and another statement made by Gabriel Payamps; (2)(f) ask for a limiting instruction regarding his co-defendants' guilty pleas; and (2)(g) renew objections to the denial of a continuance. [Doc. 387 at 18-28, 33]. As to counsel's alleged ineffectiveness on appeal, Espinal relies on the brevity of the Eleventh Circuit's opinion and further asserts that counsel should have argued that improper hearsay testimony was admitted at trial. [Id. at 30-32]. Additionally, on October 19, 2016, Espinal signed a motion to amend his § 2255 motion to add the following grounds for relief: (5) counsel was ineffective for failing to object at trial and/or argue on direct appeal that the Court's

jury instruction on the firearm offenses charged in Counts Eight and Twelve constructively amended the indictment; and (6) counsel was further ineffective for failing to argue on direct appeal that the evidence at trial deviated from the facts contained in the indictment as to Count Nine and thus, created a variance. [Doc. 388]. The government responds that Espinal's new claims are both untimely and lack merit. [Doc. 394].

The Magistrate Judge granted Espinal's motion to amend, but found that the new claims presented in Espinal's supporting memorandum, namely grounds (1)(d), (1)(e), (2)(e), (2)(f), and (2)(g), were time barred. [Doc. 395 at 7]. The Magistrate Judge then determined that all of Espinal's grounds for relief, including his untimely claims, lacked merit. [Id. at 10-21]. Espinal states that he objects to the Magistrate Judge's factual and legal findings as to his plea negotiations, trial strategy, sentencing, and appeal claims and that he also objects to the recommendation to deny him a certificate of appealability. [Doc. 397]. Espinal, however, presents no argument to support his objections. [Id.]. This is precisely the type of "conclusive[] or general objections" that this Court need not consider. Schultz, 565 F.3d at 1361.

After careful consideration, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Espinal's objections have no merit.

Accordingly, the Court **ADOPTS** the R&R [Doc. 395] as the opinion and order of the Court, **DENIES** this § 2255 motion [Doc. 383], as amended [Docs. 387-88], and **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to close this case.

    **SO ORDERED**, this \_\_21\_\_ day of March, 2017.

                                      _____
                                      ORINDA D. EVANS
                                      UNITED STATES DISTRICT JUDGE